HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTS, INC., et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>LOCAL 77 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>                Defendant. | CASE NO. C13-663RAJ<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the court on a motion to dismiss from Local 77 of the International Brotherhood of Electrical Workers ("the Union").  No one has requested oral argument and the court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS the motion in part and DENIES it in part. Dkt. # 14.  The court directs the clerk to promptly issue a new order scheduling initial disclosures and a joint status report.

## II.  BACKGROUND

JTS, Inc., and its two owners, Kristi and Joaquin Quezada (collectively "JTS"), provide electric power line maintenance services in Western Washington.  They allege that after a dispute with the Union over payment of required contributions, the Union terminated its collective bargaining agreement ("CBA") with JTS in January 2012.  This

ORDER – 1

case arises from JTS's assertion that the Union has acted unlawfully to harm JTS's business prospects since then.

In describing the facts underlying this dispute, the court relies solely on the allegations of JTS's amended complaint, without suggesting an opinion as to the truth of those allegations. The amended complaint was the result of the court's November 4, 2013 order dismissing Plaintiff's original complaint. In that order (Dkt. # 11), the court dismissed with prejudice JTS's claims against the City of Seattle, and directed Plaintiff to replead and substantially clarify its claims against Union.

JTS asserts that shortly after the Union terminated the CBA, employees at Seattle City Light (the City's electric power utility) told JTS that it would no longer use JTS's services because it no longer had a relationship with the Union. Amend. Compl. ¶¶ 22, 40-47. The amended complaint contains no specific allegation of a Union representative pressuring the City to take action against JTS, but JTS infers that Union representatives did so based on various statements from City representatives. JTS contends that the City reduced the amount of work it allocated to JTS, eventually forcing JTS to stop working with City Light. *Id.* ¶¶ 63-67.

The Union's efforts to cause others not to work with JTS were not confined to Seattle City Light. JTS attempted to secure work with Centralia City Light. A Union representative "complained to [Centralia City Light] on using JTS." Amend. Compl. ¶ 56. A Union representative attempted to "block JTS from becoming a Certified Training Agent for Tree Trimmers through the Washington State Apprenticeship program." *Id.* ¶ 61. Another union representative informed another JTS customer, Tanner Electric, of liens that existed against JTS. *Id.* ¶ 62. The union representative also allegedly made misstatements to Tanner Electric, including that JTS no longer paid its workers prevailing wages and that it had been barred from working for Seattle City Light.

ORDER – 2

JTS also asserts that the Union pressured JTS's employees to leave the company. Amend. Compl. ¶¶ 49, 57. Those allegations were apparently the subject of a complaint that JTS made to the National Labor Relations Board ("NLRB"). *Id.* ¶ 58. The NLRB concluded its investigation of the complaint after the Union agreed that it would "no longer discriminate against JTS employees and that [the Union] would not retaliate [sic] or blackball any JTS employees." *Id.* ¶ 60.

JTS attempts to state three causes of action based on these allegations. It contends that the Union violated Section 8(b) of the National Labor Relations Act ("NLRA") both by attempting to convince third parties to stop working with JTS and by attempting to convince JTS employees to leave the company. It also contends that the Union committed trade libel by making false statements about JTS, including that "JTS lacked the capability to do certain work, . . . , w[as] not allowed to do work for City Light, or w[as] having financial difficulties . . . ." Amend. Compl. ¶ 80. Finally, it contends that the Union violated the Washington Consumer Protection Act (RCW Ch. 19.86, "CPA") by "pressuring City Light, among others, to limit the work given to JTS . . . , to alter historical business policies and practices that would place a small company like JTS at a significant competitive disadvantage, including changes in supervisory requirements, having JTS work inspected by competitors on behalf of City Light, to require excessive and groundless callbacks on work completed, changing invoicing requirements, and unilaterally changing payment terms intended to put JTS at a disadvantage compared to its larger unionized competitors." *Id.* ¶ 85.

The Union asks the court to dismiss each of these causes of action for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

### III.  ANALYSIS

The court stated the standards applicable to a Rule 12(b)(6) motion to dismiss in its November order, and declines to repeat them here.

ORDER – 3

The court observes that JTS has barely opposed the Union's motion to dismiss. JTS's three-page opposition brief does not cite a single assertion of its amended complaint, cites no case law that is applicable to any of its three causes of action, and ignores almost all of the arguments the Union made in its motion to dismiss. If the court could grant a motion to dismiss merely because a plaintiff failed to offer any meaningful opposition, the court would do so in this case.

But the court cannot ignore its own prior order, which acknowledged that JTS could possibly state a claim for violations of the NLRA's secondary boycott provisions (29 U.S.C. § 158(b)(4)) and could possibly plead violations of Washington law beyond the preemptive scope of the NLRA. The court thus considers whether the new allegations in the amended complaint suffice.[1]

JTS has stated a claim based on conduct within the scope of the NLRA's secondary boycott provisions. The court's November order explained that section 303 of the Labor and Management Relations Act ("LMRA"), 29 U.S.C. § 187, creates a private right of action for a violation of the NLRA's secondary boycott provisions. Those provisions cover both a union's efforts to "induce or encourage" people to refuse to use the goods or services of another (except via a strike), 29 U.S.C. § 158(b)(4)(i), as well as a union's use of threats, coercion, or other restraints to force or require any person to cease doing business with another, 29 U.S.C. § 158(b)(4)(ii)(B). The court finds that the amended complaint suffices to put the Union on notice of a plausible claim that it exerted pressure that caused Seattle City Light and other employers to stop working with JTS, and did so in a manner that violates the NLRA's secondary boycott provisions.

JTS has not, however, pleaded a federal claim to the extent that it attempts to state a claim based on the Union's attempt to convince JTS employees to leave their jobs.

---

[1] Much of the amended complaint is not new, it merely repeats verbatim the allegations of the original complaint. The new complaint is often difficult to follow and repeats itself for no apparent reason. For example, paragraphs 29 and 42 are identical, although there is no apparent need to repeat them.

ORDER – 4

Those activities are not within the scope of the NLRA's secondary boycott provisions, and thus are not within the scope of LMRA section 303. JTS makes no attempt to demonstrate that another statute gives it a private right of action to sue for this conduct. Indeed, its amended complaint acknowledges that the NLRB has already addressed that claim. The court need not decide whether the NLRB has exclusive jurisdiction over that claim, it merely concludes that JTS has not demonstrated that any federal law permits it to bring that claim in this court.

     As to JTS's causes of action arising under Washington law, it has ignored the court's November order. That order explained that LMRA section 303 completely preempts all state law causes of action based on conduct within the scope of the NLRA's secondary boycott provisions. Nov. 4, 2013 ord. (Dkt. # 11) at 5-7. The court noted that JTS's original complaint "lack[ed] any detail that would permit the court (or the Union) to reach any conclusions" about whether JTS had "one or more claims based on conduct outside the scope of section 303 . . . ." *Id.* at 9-10. It ordered JTS to "substantially clarify its allegations." *Id.* at 10. To the extent that JTS clarified its Washington-law causes of action at all, it merely clarified that they are based on conduct within the scope of the NLRA's secondary boycott provisions. The only conduct JTS mentions in those causes of action is the Union's efforts to persuade Seattle City Light and others not to work with JTS. JTS did not assert that either its trade libel or CPA allegations were based on conduct outside the scope of the NLRA's secondary boycott provisions. It did not assert, for example, that the Union committed trade libel or violated the CPA by conduct designed to convince JTS's employees to quit.[2] Moreover, JTS did not respond to the Union's argument in its motion to dismiss that those Washington-law claims were

---

[2] The court doubts, moreover, that any attempt to state a CPA claim based on the Union's conduct targeting JTS employees could survive the CPA's exclusion of organized labor disputes. *See Ernst Home Ctr., Inc. v. United Food & Comm. Workers Int'l Union, Local 1001*, 77 Wn. App. 33, 46 (1995) ("RCW 19.86.070 exempts labor organizations from the scope of the [CPA].).

ORDER – 5

preempted. Indeed, JTS made no specific argument at all about its Washington-law causes of action. The court has already given JTS leave to replead those causes of action, and JTS neither pleaded them adequately nor convinced the court that it could plead them adequately if given leave to amend again. The court accordingly dismisses those causes of action with prejudice.

## IV. CONCLUSION

For the reasons previously stated, the court GRANTS in part and DENIES in part the Union's motion to dismiss. Dkt. # 14. JTS has stated a claim under section 303 of the LMRA that the Union violated the secondary boycott provisions of the NLRA by acting to stop third parties from using JTS's services. JTS has not stated any other claim, including any claim based on the Union's efforts to convince JTS employees to leave JTS, and including any claim based on Washington law. The court dismisses those claims with prejudice.

The court directs the clerk to promptly issue a new order scheduling initial disclosures and a joint status report.

DATED this 8th day of May, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6